IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
DUK SOOK KUHRY-HAEUSER,       )
                              )
          Plaintiff,          )       8:07CV21
                              )
     v.                       )
                              )
JOHN DEERE LANDSCAPES,        )       MEMORANDUM AND ORDER
                              )
          Defendant.          )
_____)
```

This matter is before the Court on defendant's motion for summary judgment (Filing No. 20) and plaintiff's motion seeking an extension of time in which to respond to defendant's summary judgment motion (Filing No. 23). The Court finds that defendant's motion should be granted in part and denied in part. Further, the Court finds that it is unnecessary for the plaintiff to respond to defendant's motion as these claims are dismissed as a matter of law because they were not included in plaintiff's Nebraska Equal Opportunity Commission ("NEOC") complaint and therefore have not been exhausted. Plaintiff's motion for an extension of time in which to respond to defendant's motion for summary judgment will be denied as moot.

I. INTRODUCTION

Plaintiff, Duk Sook Kuhry-Haeuser ("plaintiff"), began working for defendant, John Deere Landscapes ("John Deere"), as a driver in its Omaha branch office in March 2002. This is the plaintiff's second complaint alleging employment discrimination and retaliation against John Deere. Plaintiff's previous complaint alleged that John Deere discriminated against her based

on her sex by failing to promote her to the branch manager position in March 2003; that she was sexually harassed by branch manager Scott Taylor in March-April 2003; that in retaliation for her complaints of sexual harassment, she was not promoted to branch manager in May of 2003; and in retaliation for her complaints of sexual harassment, she was unfairly written up based on attendance. *See Kuhry-Haeuser v. John Deere Landscapes*, 2006 U.S. Dist. LEXIS 81208, at *7-13 (D. Neb. 2006)(J. Kopf). In this earlier action, the District Court granted John Deere's motion for summary judgment in its entirety, dismissing the complaint (*Id*. at *17).

The present lawsuit arises out of the plaintiff's October 19, 2005, termination of employment. Plaintiff filed a charge of discrimination with the NEOC and the Equal Employment Opportunity Commission ("EEOC"), alleging that John Deere retaliated against her for filing her earlier charges of discrimination by terminating her employment. The EEOC issued a right-to-sue letter dated September 1, 2006 (Aff. of Mary Kay O'Connor, Filing No. 22, Ex. E). After receipt of the right-to-sue letter, plaintiff filed this complaint on January 12, 2007 (Filing No. 1).

## II.   SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324. If the plaintiff cannot support each essential element of his claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

### III. DISCUSSION

**Title VII and Nebraska Fair Employment Practice Act Claims**

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999). "Nebraska courts look to federal decisions when construing the NFEPA because the NFEPA is patterned after Title VII." *See, e.g., Malone v. Eaton Corp.*, 187 F.3d 960, 962 n.3 (8th Cir. 1999)(sex discrimination under Title VII and NFEPA).

Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter. *See Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). The completion of that two-step process constitutes exhaustion only as to those allegations set forth in the NEOC charge and those claims that are reasonably related to such allegations. *See id.* ("A plaintiff will be deemed to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC"). A

plaintiff may not make a conclusory charge of discrimination and then file suit on whatever facts or legal theory the plaintiff may decide upon.  *Faibisch v. University of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002).

In plaintiff's charge of discrimination with the NEOC, she clearly alleges discrimination based on John Deere's termination of her employment effective October 19, 2005. Plaintiff did not allege a retaliatory failure to promote in her discrimination charge filed with the NEOC.  Therefore, because plaintiff failed to include this allegation in her administrative charge, she failed to exhaust her administrative remedies on this claim, and the Court will grant summary judgment in favor of John Deere as to all claims based on a failure to promote.

**Termination of Employment Claim**

John Deere asserts that plaintiff's retaliation claim based on the termination of her employment also should be dismissed on the basis that the plaintiff orally informed John Deere's attorney that she was only pursuing a retaliation claim based on the failure of defendants to give her a promotion. Specifically, John Deere directs the Court to the Report of Parties Planning Conference ("Report")(Filing No. 11) in which the adverse action listed as an element of the retaliation claim is described as "failure to promote the plaintiff."  (Report, ¶ 1(c)(4)).  John Deere also directs the Court to an email exchange between plaintiff and John Deere's attorney Mary Kay O'Connor in which O'Connor asked plaintiff, "Does this mean you

-5-

are not alleging your termination as the issue." (Aff. of Mary Kay O'Connor, Ex. F). Plaintiff's reply states "As far as a separate claim of wrongful termination, no." (*Id.*)

The Court finds that the evidence relied upon by John Deere provides an insufficient basis on which to find that plaintiff's retaliation claim based on her termination has been abandoned. The plaintiff has not amended her complaint to formally remove her retaliation claim based upon her termination. Further, the Report is not a formal pleading that serves to amend a complaint. Just as the Report does not formally abandon a claim, a claim is also not abandoned based upon an e-mail exchange that may hint at the abandonment of a claim but is far from an unambiguous statement which formally abandons a claim. Thus, the Court finds that John Deere's motion for summary judgment as to plaintiff's retaliation claim based upon her termination will be denied. Accordingly,

IT IS ORDERED:

1) Defendant's motion for summary judgment is denied as to plaintiff's claim alleging that defendant's retaliated against her when her employment was terminated on October 19, 2005;

2) Defendant's motion for summary judgment is granted as to all claims alleging retaliation based upon defendant's failure to promote the plaintiff.

3) Having ruled on defendant's motion for summary judgment, plaintiff's motion seeking an extension of time to

-6-

respond to defendant's motion for summary judgment is denied as moot.

DATED this 19th day of July, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court