```
                IN THE UNITED STATES DISTRICT COURT FOR THE

                            DISTRICT OF NEBRASKA

DUK SOOK KUHRY-HAEUSER,        )
                               )
          Plaintiff,           )         8:07CV21
                               )
     v.                        )
                               )
JOHN DEERE LANDSCAPES,         )         MEMORANDUM OPINION
                               )
          Defendant.           )
_____)
```

## I. INTRODUCTION

This matter is before the Court on defendant's renewed motion for summary judgment (Filing No. 32). Plaintiff Duk Sook Kuhry-Haeuser ("Kuhry-Haeuser") asserts a claim for retaliatory termination against defendant John Deere Landscapes ("Deere") in violation of Title VII of the Civil Rights Act of 1964 and the Nebraska Fair Employment Practices Act ("NFEPA"). After review of the motion, the briefs, the evidentiary submissions of the parties, and the applicable law, the Court finds that the motion should be granted.

## II. BACKGROUND

A. Facts

Kuhry-Haeuser began employment as a driver with Deere on March 4, 2002. In April of 2003, Deere received a complaint concerning the sexual harassment of Kuhry-Haeuser after which Deere took "prompt remedial action that actually succeeded in ending the harassment." *Kuhry-Haeuser v. John Deere Landscapes*, 2006 U.S. Dist. LEXIS 81208, at *12 (D. Neb. 2006) (Kopf, J.).

Kuhry-Haeuser, however, charges that ongoing retaliation resulted from her complaint.

Although the parties dispute the date Kuhry-Haeuser's promotion occurred, they agree that she was branch manager of Deere's Omaha, Nebraska, store when she was terminated on October 19, 2005.  Deere offered evidence that Kuhry-Haeuser was fired for various violations of company policy, including among others having excessive open orders, removing money from a store deposit, failing to make daily bank deposits, and smoking while on the job.  Kuhry-Haeuser disputes either the impropriety of, her knowledge of, or her responsibility for each of these charges.  The termination occurred approximately thirty months after Kuhry-Haeuser initially notified Deere of the alleged harassment, twenty-two months after she filed her administrative charge, and ten months after she filed her initial lawsuit, although that suit was ongoing at the time of her termination.

B. Procedural Posture

In January, 2004, Kuhry-Haeuser filed a charge with the Nebraska Equal Opportunity Commission ("NEOC"), alleging sexual harassment and retaliation based on her failure to have received promotions on two separate occasions.  This charge ultimately resulted in a determination of "no reasonable cause" by the NEOC on November 2, 2004, and a subsequent right-to-sue notice from the United States Equal Employment Opportunity Commission ("EEOC").  Kuhry-Haeuser then filed a federal lawsuit alleging that Deere discriminated against her based on her sex by failing

to promote her to the branch manager position in March 2003; that she was sexually harassed by branch manager Scott Taylor in March-April 2003; that in retaliation for her complaints of sexual harassment, she was not promoted to branch manager in May of 2003; and in retaliation for her complaints of sexual harassment she was unfairly written up based on attendance. *See Id.* at *7-13. The Court granted Deere's summary judgment motion on all claims in that case on November 3, 2006 (Case No. 8:05CV37, Filing No. 55) and entered judgment thereon (*Id.*, Filing No. 56).

Having been terminated from her employment during the pendency of the previous lawsuit, Kuhry-Haeuser filed a second charge with the NEOC alleging retaliatory termination. The NEOC issued a "no reasonable cause" determination on September 1, 2006, and another right-to-sue notice issued from the EEOC. This lawsuit followed. Deere previously moved for summary judgment in this case on June 1, 2007 (Filing No. 20), and this Court granted the motion as it related to claims alleging retaliation based on Deere's failure to promote Kuhry-Haeuser (*See* Filing No. 26). Thus, the only issue remaining before the Court in this case is the retaliation claim related to Kuhry-Haeuser's October 19, 2005, termination of employment.

**III. DISCUSSION**

A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In order for the moving party to prevail, it must demonstrate to the Court that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324. If the plaintiff cannot support each essential element of his claim,

summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial.  *Id.* at 322-23.

B. Retaliation

Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  Summary judgment may be entered in a Title VII action "if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial."  *Brower v. Runyon*, 178 F.3d 1002, 1005 (8th Cir. 1999).  Nebraska courts look to federal decisions when construing the NFEPA because the NFEPA is patterned after Title VII.  *Malone v. Eaton Corp.*, 187 F.3d 960, 962 n.3 (8th Cir. 1999)(sex discrimination under Title VII and NFEPA).

Without direct evidence of a retaliatory motive, courts analyze retaliation claims brought pursuant to Title VII under the burden-shifting framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Stewart v. Indep. Sch. Dist. No. 196*, 481 F.3d 1034, 1042-43 (8th Cir. 2007); *Thompson v. Bi-State Dev. Agency*, 463 F.3d 821, 826 (8th Cir. 2006).

> Under this framework, the initial burden is on the plaintiff to establish a prima facie case, consisting of evidence: "(1) that

> he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." If the plaintiff establishes a prima facie case, the burden then shifts to the defendant to show a "non-retaliatory reason for the adverse employment action." If the defendant can show a legitimate, non-retaliatory reason for its actions, the burden returns to the plaintiff who "is then obligated to present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation."

*Stewart*, 481 F.3d at 1043 (internal citations omitted).

Kuhry-Haeuser has failed to show that a genuine issue of material fact exists with respect to element (3) of her prima facie case, that a causal connection exists between the protected activity and the adverse employment action. It is undisputed that Kuhry-Haeuser can meet the first two elements of the prima facie case: she engaged in protected activity when she filed her NEOC charge and she suffered adverse employment action when she was ultimately terminated from Deere. Plaintiff asserts in her brief that "there are specific facts that prove a causal connection between [Kuhry-Haeuser's] protected activity and the adverse employment action she suffered." (Pl.'s Br. at 1.) But

she points to only one fact that could be relevant: that she was never written up prior to her NEOC complaint.[1] (Pl.'s Br. at 1, 3.) The fact that she was not disciplined between March of 2002 and April of 2003, but was disciplined after she engaged in the protected activity could not by itself allow a reasonable factfinder to conclude that there was a causal connection between the complaint and the termination. To hold otherwise would effectively prevent employers from disciplining any employee who had filed a complaint. *See Carrington v. City of Des Moines*, 481 F.3d 1046, 1051 (8th Cir. 2007)(noting that "anti-discrimination statutes do not insulate an employee from discipline for violating the employer's rules or disrupting the workplace.").

The length of time between the complaint and the termination also suggests that there was no causal connection. The United States Court of Appeals for the Eighth Circuit has recently reiterated that "[a] gap in time between the protected activity and the adverse employment action weakens an inference of retaliatory motive . . . ." *Stewart*, 481 F.3d at 1044 (citing *Hesse v. Avis Rent A Car Sys., Inc.*, 394 F.3d 624, 633 (8th Cir. 2005)). Moreover, "given a delay of sufficient length, the 'causal nexus tends to evaporate.'" *Stewart*, 481 F.3d at 1044

---

[1] Kuhry-Haeuser also argues that Deere thrice failed to promote her because of the retaliation and terminated her after she was finally made branch manager. (Pl.'s Br. at 3 ¶ 3.) However, this Court has previously held that the issue of retaliatory failure to promote will not be relitigated (*See* Filing No. 26), and citation to her termination does not tend to prove causation, but merely attempts to beg the question before the Court.

(quoting *Shanklin v. Fitzgerald*, 397 F.3d 596, 604 (8th Cir. 2005)). The Court in *Stewart* concluded that six months between the protected activity and the adverse employment action in that case was too much time to permit a reasonable jury to find causation. This was despite Stewart's argument that the time frame was actually much less because she was unavailable during much of that time due to illness. *See Stewart*, 481 F.3d at 1044. Here, Kuhry-Haeuser was fired 30 months after she complained to Deere, 22 months after she filed her NEOC charge, and ten months after she filed her initial lawsuit. In addition, Stewart was actually promoted to the branch manager position during the period between the protected activity and the adverse action. In light of these facts, and without more from Kuhry-Haeuser, no reasonable factfinder could find that the plaintiff met her burden on the causation issue.

  Kuhry-Haeuser has also failed to carry her burden of showing that a question of fact exists that Deere's legitimate reasons for terminating her were merely pretextual. Kuhry-Haeuser argues that "[t]he Defendant's proffered reasons are pretext for intentional retaliatory termination." (Pl.'s Br. at 3.) However, she offers no evidence to this effect. Kuhry-Haeuser does not dispute that she took money from Deere and did not repay it. (Kuhry-Haeuser Dep. at 12-14.) If the Court were to assume that this was Deere's only legitimate, non-retaliatory

-8-

reason for terminating Kuhry-Haeuser, and there are others,[2] the burden still shifts to the plaintiff to "present evidence that (1) creates a question of fact as to whether [defendant's] reason was pretextual and (2) creates a reasonable inference that [defendant] acted in retaliation."  *Stewart*, 481 F.3d at 1043.  A thorough review of the submissions of the parties reveals no such evidence, nor has Kuhry-Haeuser offered evidence that an illegitimate criterion was "a substantial factor in the decision."  *See Price Waterhouse v. Hopkins*, 490 U.S. 228, 276 (1989)(O'Connor, J., concurring).

## IV. CONCLUSION

Kuhry-Haeuser has failed to carry her burden of proving that a reasonable factfinder could find for her by a preponderance of the evidence on her claim of retaliation. Accordingly, the Court finds that summary judgment is appropriate, and the defendant's renewed motion for summary judgment will be granted.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of November, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court

---

[2] For example, Kuhry-Hauser admits she knew Chris Dougherty was engaging in an improper open order practice and did not report it. (Kuhry-Hauser Dep. at 22-23.)  She also admits to smoking in the warehouse in violation of company policy and that as branch manager she was responsible for knowing what the policies were.  (*Id.* at 31.)